IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                               ORDER

       v.                                     06-cr-164-bbc-1

WILLIE DEE PARKER,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Willie Dee Parker's supervised release was held on October 10, 2012, before U. S. District Judge Barbara B. Crabb. The government appeared by Assistant U. S. Attorney David J. Reinhard. Defendant was present in person and by Supervisory Associate Federal Defender Michael W. Lieberman. Also present was Senior U. S. Probation Officer Helen Healy Raatz.

From the record and the parties' stipulation, I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on January 31, 2007, following his conviction for unlawful possession of a firearm by an unlawful marijuana user in violation of 18 U.S.C. § 922(g)(3). This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 30 months, with a three-year term of supervised release to follow.

Defendant began his term of supervised release on October 29, 2008. After absconding from supervision with his whereabouts unknown for approximately one year, defendant had his term of supervised revoked on April 21, 2010. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 11 months, with a 27-month term of supervised release to follow.

Defendant began his second term of supervised release on February 25, 2011. Defendant violated Mandatory Condition No. 1, prohibiting him from committing another federal, state or local crime, when on June 8, 2012, he was convicted of disorderly conduct (Dane County, Wisconsin Case No. 2011-CM-2661), for conduct occurring on October 9, 2011. Defendant further violated this condition when on June 6, 2012, he was convicted of resisting/obstructing an officer (Dane County, Wisconsin Case No. 2012-CM-1157), for conduct occurring on May 14, 2012.

Defendant violated Standard Condition No. 2 and Standard Condition No. 3, requiring him to report to the probation officer as directed and follow the instructions of the probation officer, when he failed to report to the probation office on May 7, 2012, as instructed.

Defendant violated Standard Condition No. 6 and Standard Condition No. 3, requiring him to notify the probation office of changes in residence and answer truthfully all inquiries of the probation office, when he failed to report a new residence.

Defendant further violated Standard Condition No. 3 and Standard Condition No. 9, requiring him to follow instructions of the probation office and prohibiting him from

associating with any persons convicted of a felony unless granted permission to do so by the probation office, when he associated with convicted felon James Hayes.

Defendant's conduct falls into the category of Grade C violations. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke supervised release, extend the term of supervised release or modify the conditions of supervision upon a finding of a Grade C violation.

CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 27-month term of supervised release imposed on April 21, 2010, will be revoked.

With defendant's criminal history category of III and Grade C violations, he has an advisory guideline term of imprisonment of 5 to 11 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which a defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence below the guideline range with an additional condition of supervised release. Defendant is employed, is actively pursuing a general education diploma, has recently completed the probation office's Positive Attitude Development program and has secured funding to start a business. The intent of this sentence is to hold defendant accountable for his violations while providing him an opportunity to remain in

3

the community to address his employment and education needs.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on April 21, 2010, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for one day, with one-day credit for defendant's appearance in court today. A nine-month term of supervised release shall follow. All standard and special conditions of supervised release previously imposed shall remain in effect with the addition of the following condition:

Special Condition No. 5: Defendant shall participate in the Court Intervention Program which will involve informal contact with the Court, Federal Defender's Office and U.S. Attorney's Office through teleconference, video conference or face to face meetings as approved by the supervising U.S. probation officer.

Entered this 10th day of October 2012.

BY THE COURT:

/s/

BARBARA B. CRABB
U.S. District Judge